UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-247-FDW

| | |
|---|---|
| SCOTTIE ARMSTRONG,              )<br>                                                     )<br>            Plaintiff,                      )<br>                                                     )<br>vs.                                              )              **ORDER**<br>                                                     )<br>BUNCOMBE COUNTY DETENTION  )<br>FACILITY,                                  )<br>                                                     )<br>            Defendant.                   )<br>_____)  | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e). (Doc. No. 1).

### I.    BACKGROUND

Pro se Plaintiff Scottie Armstrong is a pre-trial detainee currently incarcerated at the Buncombe County Detention Center in Asheville, North Carolina. Plaintiff filed this action on July 15, 2016, pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges the following:

> On December 15, 2015, I received a food tray that had meat items on it. At the time I was a vegetarian diet recipient. The tray was also contaminated with Jello in the dessert item that day. Since then I have had numerous times where I have found meat in my food. From that date up to July 7th 2016 I started eating vegan to stop my tray from being fixed near any meat items. I had also noticed that my desserts were the same as some of the regular tray recipients. I was told in the grievance that there was a[n] issue and it would be removed from my tray. There has been inconsistencies with the kitchen from findings hairs and things that don't need to be there. I wrote complaints and was told . . . that they would be worked out. These issues keep arisen [sic] hidden but somehow by me looking at each bite revealed to me. I follow protocol but sometimes it's by the time I have eaten half my food before I notice it mixed in my food.

See (Doc. No. 1 at 3-4). For relief, Plaintiff states "I would like to receive damages for these items being in my food. I know that some of these items have been consumed by me

1

unwillingly. I take my diet very seriously. I have tried to allow the center to find better means to fix these problems but they have not." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

For the following reasons, the Court will dismiss this action. The only named Defendant in this action is the "Buncombe County Detention Facility," which is not a distinct legal entity capable of being sued, nor is it a "person" within the meaning of 42 U.S.C. § 1983. See Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 688 & n.55 (1978) (noting that, for purposes of Section 1983 action, a "person" includes individuals and "bodies politic and corporate"); FED. R. CIV. P. 17(b). Therefore, this action must be dismissed.

Moreover, in its current form, the Complaint does not state a cognizable claim of a violation of any federal or constitutional right. At most, Plaintiff alleges that, on certain, unspecified occasions, jail staff placed meat on his food tray, when he was supposed to be served vegetarian or vegan food. He also alleges that, on certain unspecified occasions, hair and other non-food items were found in his food. These allegations, without more, simply do not rise to the level of a violation of a constitutional right under Section 1983—such as, for instance, the denial of his right to practice his religion (if that is Plaintiff's reason for not eating meat), or a

2

conditions-of-confinement claim.  Thus, if Plaintiff were to refile another action against the proper Defendants, he would be required to allege more factual allegations to state a cognizable Section 1983 claim.

**IV.     CONCLUSION**

For the reasons stated herein, the Court dismisses this action.  The dismissal will be without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed without prejudice.
2. Plaintiff's IFP Application, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

Frank D. Whitney
Chief United States District Judge